IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAUSFELD, et al. | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COHEN MILSTEIN SELLERS | : | NO. 06-CV-826 |
|   & TOLL, PLLC | : | |
|     Defendant | : | |

**MEMORANDUM OPINION**

**TIMOTHY R. RICE**                                                                                 October 14, 2009
**U.S. MAGISTRATE JUDGE**

      Although evidence of private litigants' financial information may not be critical to resolving a lawsuit, see Joint Motion to Redact Private Financial Information from Post-Hearing Briefs and Hearing Transcripts at 2-3, Hausfeld v. Cohen Milstein Sellers & Toll, PLLC, No. 06-826 (E.D. Pa. Oct. 5, 2009) [hereinafter Joint Brief], that fact cannot deprive the public of its right to review evidence admitted at a public evidentiary hearing. Similarly, the parties' post-hearing agreement to redact portions of a trial record cannot abrogate my obligation to safeguard the public's right of access "to inspect and copy public records and documents, including judicial records and documents." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (quoting Leucadia, Inc. v. App. Extrusions Techs., Inc., 998 F.2d 157, 161 (3d Cir. 1993)).

      The underlying dispute involves the capital account calculations of departing partners from the law firm, Cohen Milstein Sellers & Toll, PLLC[1] ("CMST"), and the distribution of attorneys' fees awarded in class-action litigation. The parties have requested I redact all financial information that has minimal or no probative value to resolution of the case. See Joint

---

[1] Cohen Milstein Sellers & Toll, PLLC was known as Cohen Milstein Hausfeld & Toll, PLLC prior to the law firm break-up that led to this litigation.

Brief at 2.  For the following reasons, I find the interests they assert do not outweigh the public right of access, and I shall permit only a limited redaction.[2]

The public's right of access is firmly rooted in our nation's jurisprudence.  It promotes public respect for the judicial process and helps assure judges perform their duties in an honest and informed manner.  Leucadia, 998 F.2d at 161.  "The public's exercise of its common law access right in civil cases [encourages] public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court. . . . [T]he bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud.  Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness."  Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988).

The public's right of access, however, is not absolute.  Id. at 678.  Although the presumption of public access to judicial records is strong, id., I may limit access where public disclosure would "work a clearly defined and serious injury to the party seeking closure," Cendant, 260 F.3d at 194.  The party seeking redaction must show the need for secrecy outweighs the presumption of access by specifying the serious injury to be prevented.  Id.  Broad allegations of harm to a party, unsubstantiated by specific examples or articulated reasoning, fail to overcome the presumption of access.  Id.; see Leucadia, 998 F.2d at 166; see, e.g., Gaul v. Zep

---

[2] I have carefully reviewed the cases the parties cited in their joint motion.  None of the cases justify the sweeping redaction they propose.  For example, in K.R. v. School Dist. of Phila., 2008 WL 2609810 (E.D. Pa. June 26, 2008) (Baylson, J.), the court ordered plaintiffs to file a financial statement under seal in response to defendants' motion to dismiss, which involved an unrelated legal issue.  The opinion discussed whether defendants had properly addressed plaintiffs' daughter's learning disability, and did not discuss or analyze the reasons why plaintiffs' financial statement should be sealed.

Manuf. Co., 2003 WL 22352567, at *2-3 (E.D. Pa. Sept. 16, 2003) (Hutton, J.) (broad allegations that public access to documents "implicates privacy rights of individuals who are not parties to this action," "may cause undue and severe embarrassment," and "could have a negative effect on the competitive position of [d]efendant" failed to overcome the public access presumption).

In determining whether to redact portions of the record, I must consider several factors, such as:

>(1) whether disclosure will violate any privacy interests;
>
>(2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
>(3) whether disclosure of the information will cause a party embarrassment;
>
>(4) whether confidentiality is being sought for information important to public health and safety;
>
>(5) whether the sharing of information among litigants will promote fairness and efficiency;
>
>(6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
>(7) whether the case involves issues important to the public.

Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 592 F. Supp. 2d 825, 827-28 (E.D. Pa. 2009) (Robreno, J.) (citing Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005)).

The parties' page-by-page redaction request consists of numerous sections of the post-hearing briefs and transcripts of the August 10-13, 2009 evidentiary hearing. I have reviewed the redaction requests and have determined they fall into the following categories:

      (a) former CMST partners' capital account and financial information;

      (b) current CMST partners' capital account and financial information;

      (c) CMST capital account information;

      (d) CMST bank account information;

      (e) CMST representations of projected revenue for 2008;

      (f) information from CMST financial statements;

      (g) information regarding CMST case fee estimates, awards, and losses; and

      (h) information regarding the amount of CMST's line of credit with banks.

The parties broadly assert that limiting public access of this information will "protect the personal financial privacy of CMST members and . . . avoid undue competitive harm [to CMST]." See Joint Brief at 2-3. The parties note the public's interest in the information is minimal, the parties are not public officials, and the information sought to be redacted does not involve issues of public concern. Id. at 3.

The "private" nature of the dispute is not dispositive because the case has been litigated in a public forum under judicial supervision. To hold otherwise would deny public access to the bulk of the court docket. The involvement of private litigants may permit limited redaction. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 788 (3d Cir. 1994). Other factors also justify limited redaction. For example, public health and safety issues are not implicated; the information is not being disclosed for an improper purpose; neither party claims it will be embarrassed by the information; and there is no issue regarding the sharing of information among litigants. Therefore, redaction primarily turns on whether disclosure of the information

will violate any privacy interests.

Personal financial information is entitled to privacy protection. Fraternal Order of Police, Lodge No. 5 v. City of Phila., 812 F.2d 105,115 (3d Cir. 1987); Hunter v. Secs. Exchange Comm'n, 879 F. Supp. 494, 498 (E.D. Pa. 1995) (Waldman, J.). Here, the contested information involves the private financial information of individuals who are not named parties in this litigation, and therefore, the need for secrecy outweighs the presumption of public access. Accordingly, I grant the redaction requests regarding the following topics: (a) former CMST partners' capital account and financial information, and (b) current CMST partners' capital account and financial information.[3]

Similarly, confidential business information may be protected from disclosure if disclosure might harm a litigant's competitive standing. Leucadia, 998 F.2d at 166. Therefore, it is appropriate to redact the CMST bank account information and information regarding the amount of CMST's line of credit with banks.[4] Disclosure of this information has the potential of causing CMST undue competitive harm, and could expose CMST to fraud. For example, CMST competitors could use information about CMST's line of credit to CMST's detriment in competing for business. Additionally, bank account information with wiring instructions is highly confidential material that deserves secrecy to prevent any possible abuse of financial privacy. Therefore, the need for secrecy outweighs the presumption of public access.

---

[3] These topics are included in the following redaction requests: CMST's Post-Trial Brief, page 43; August 10, 2009 Transcript: pages 129-31, 208; August 11, 2009 Transcript: pages 23-25, 78-79; August 12, 2009 Transcript: pages 100, 113-14; August 13, 2009 Transcript: pages 10, 16, 41, 42 line 2, 43-44, 98-101.

[4] These topics are included in the following redaction requests: Plaintiff's Exhibit 24, page 2; August 11 Transcript: pages 57-58; August 12, 2009 Transcript: pages 32, 78, 117.

I decline, however, to redact information regarding: (a) CMST capital account information; (b) CMST representations of projected revenue for 2008; (c) information from CMST financial statements; and (d) information regarding case fee estimates, awards, and losses. It is unclear, and the parties fail to specify, how disclosure of this information could harm CMST's competitive standing. See Cendant, 260 F.3d at 194; Gaul, 2003 WL 22352567, at *2-3.

This information may be important to resolution of the underlying suit. Moreover, it has been admitted at a public evidentiary hearing on August 10-13, 2009, further bolstering the public's right of access. See Littlejohn, 851 F.2d at 685. Both parties affirmatively chose to resolve their dispute in a public courtroom, and were aware that private information would be disseminated to the public, and lodged no objection during the public hearing.[5] See, e.g., Bank of Am. Nat'l Trust & Savs. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344-45 (3d Cir. 1986) (using the judicial process to enforce a confidential settlement agreement no longer entitled the parties to invoke the confidentiality ordinarily accorded to settlement agreements); Littlejohn, 851 F.2d at 680; cf. Transcript of Settlement Hearing at 36-37, Hausfeld v. Cohen Milstein Sellers & Toll, PLLC, No. 06-826 (E.D. Pa. Apr. 28, 2009) (warning that facts and testimony from the August 2009 evidentiary hearing would be available to the public and could "end up in a newspaper").

Once the information is published in court, the public is entitled to review it. Littlejohn, 851 F.2d at 680 (quoting Nat'l Polymer Prods. v. Borg-Warner Corp., 641 F.2d 418, 421 (6th

---

[5] Defendant's Exhibit 14 was not admitted into evidence. Therefore, all information in the record from Defendant's Exhibit 14 shall be redacted, which consists of the redaction requests on page 26 of CMST's Post-Trial Brief.

Cir. 1981)).  Based on the reasons outlined above, the need for secrecy fails to outweigh the presumption of public access.

      An appropriate Order follows.